UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATRINA WITHERSPOON, et al.,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| vs.  ) | Case No. 4:13CV01912 ERW |
| ) | |
| BAYER HEALTHCARE  ) | |
| PHARMACEUTICALS INC.,  ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Katrina Witherspoon, Rebecca Casiano, Shawna Adkins, Samantha Anding, Cheryl Annarelli, Amber Aston, Ashley Barr-Maino, Natasha Bjugan, Ashley Brown, Laquasha Burks, James Burks, Alicia Byington, Ola Cheyenne Carney, Talvata Collier, Shelby Comtois, Travis Comtois, Renee Cooley, Stephanie Corley, Leanndra Couvillion, Brandon Couvillion, Melanie Crumpton, Tammy Delaughter, Brandie Duryea, Stacie Estey, Sara Falcon, Dennis Falcon, Shannon Fewell, Brianna Franklin-Spey, Jacquelyn Goetz-Moffitt, Agata Graham, Jasmin Grayson, Shawna Griffie, Denise Hargreaves, Jennifer Harrington, Tawana Hill-Brooks, Ericia Johnson, Cheryl Keene, Nikita King, Priscilla King, Barbara Luna, Amanda Madril, Korrina Martin, Bradley Davis, Misty Martin, Angela Martinez, Donna McCurry, Amber McDaniel, Brandy McNamee, Jennifer Meyer, Jennifer Montminy, Dailyn Morrell, Juliana O'Brien, Paul O'Brien, Ileia Oliver-Page, Sara Platt, Shawn Platt, Shecaniah Phelps, Maria Pikula, Ebone Porter, Brittany Richter, Jamie Roach, Ollivea Roan, Cody Roan, Miranda Roberson, Katie Rourk, Sonya Ruiz, Augustin Ruiz, Jessica Sanborn, Candace Saye, Ashley Schluessler, Amber Seachrist, Meredith Smith, Suzanne Smith-Freda, Delvina Spahe, Sparkle Spears, Melissa Sullivan, Diane Swosinski, Brent Swosinski, Crystal Trevino, Joanna Trujillo, Josette Underwood, Emily

Vestal, Kayla Villarreal, Tammy Wagner, Ursler West, Eva White, Somer White, Jade Whitman, Angela Winfield, Kimberly Wurth, Mao Yang, Nicole Zamora, and Heather Zindars's Motion to Remand [ECF No. 11].

## I. PROCEDURAL BACKGROUND

On August 26, 2013, Plaintiffs filed a Petition against Defendant Bayer HealthCare Pharmaceuticals Inc. in the Circuit Court of the City of St. Louis. The Petition alleges injuries related to the contraceptive Mirena®, an intrauterine device (IUD) manufactured and sold by Defendant. Specifically, Plaintiffs claim they received Mirena® IUD implants, which migrated out of place and perforated their internal organs, resulting in personal injuries. The Petition states, *inter alia*, claims of negligence, breach of warranty, strict liability, negligent misrepresentation, and fraudulent misrepresentation. Of the ninety-three individuals named as Plaintiffs in the Petition, ninety-two are diverse from Defendant,[1] which is incorporated under the laws of Delaware and maintains its principal place of business in New Jersey. One Plaintiff, Rebecca Casiano, is a citizen of New Jersey and therefore nondiverse from Defendant.

On September 26, 2013, Defendant filed a Notice of Removal with this Court, asserting federal subject matter jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. The Notice of Removal states the Court should disregard Plaintiff Casiano's citizenship for purposes of determining diversity jurisdiction, because Plaintiff Casiano was fraudulently joined and fraudulently misjoined.[2] Plaintiffs now move to remand this case to the Circuit Court of the City of St. Louis.

## II. STANDARD

---

[1]The Petition fails to allege the state citizenship of Plaintiff Somer White. [ECF No. 5 at ¶ 1(yyy)]. For reasons discussed *infra*, the Court orders Plaintiffs to set forth Plaintiff White's state of citizenship, if any.

[2]As discussed *infra*, fraudulent joinder and fraudulent misjoinder are similar, but distinct.

Generally, the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Federal diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *In re Prempro Prods. Liabl. Litig.*, 591 F.3d 613, 619-20 (8th Cir. 2010). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The party asserting federal diversity jurisdiction has the burden of proving diversity by a preponderance of the evidence. *Prempro Prods. Liab. Litig.*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

The complete diversity rule is subject to two relevant exceptions. First, non-diverse parties will not prevent the federal courts from exercising diversity jurisdiction when a party has been fraudulently joined. *Kan. Pub. Emps. Ret. Syst. v. Reimer & Kroger Assocs., Inc.*, 4 F.3d 614, 619 (8th Cir. 1993). Fraudulent joinder requires a showing that the claim involving nondiverse parties has "no reasonable basis in fact and law." *Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Thus, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* (emphasis in original). Alternatively, fraudulent joinder does not exist when "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* (quoting *Filla*, 336 F.3d at 811).

Second, federal courts may exercise diversity jurisdiction over nondiverse parties if there has been fraudulent misjoinder, a doctrine the Eighth Circuit has neither accepted nor rejected. *Tapscott*

3

*v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Prempro Prods. Liab. Litig.*, 591 F.3d at 622.  Fraudulent misjoinder occurs when a claim involving nondiverse parties has no reasonable procedural basis, because the misjoined claim has "no real connection with the controversy involving the claims that would qualify for diversity jurisdiction."  *Prempro Prods. Liab. Litig.*, 591 F.3d at 620 (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L. REV. 52, 57 (2008)).  Whether a party has been fraudulently misjoined depends on whether there has been an "egregious and grossly improper" joinder "under the broadly-interpreted joinder standards." *Id.* at 624.

## III. DISCUSSION

Defendant contends federal subject matter jurisdiction is proper within this Court for two reasons.  First, Defendant argues Plaintiff Casiano was fraudulently joined, because her claims are barred by New Jersey's statute of limitations for personal injury claims.  Second, Defendant maintains Plaintiff Casiano was fraudulently misjoined, because her claims violate the requirements for permissive joinder under Federal Rule of Civil Procedure FRCP 20(a), and the Motion to Remand does violence to Plaintiffs' counsel's duty of good faith as members of the Plaintiffs' Steering Committee in ongoing multi-district litigation involving Mirena®.

### A. Fraudulent Joinder

Defendant argues there exists no reasonable basis in fact or law to support Plaintiff Casiano's claims, because they are barred by the New Jersey statute of limitations.  Plaintiffs respond there exists a reasonable basis for predicting state law might impose liability pursuant to New Jersey's "discovery rule," which "postpones the accrual of a cause of action so long as a party reasonably is unaware either that he has been injured, or that the injury is due to the fault or neglect of an

4

identifiable individual or entity." *Kendall v. Hoffman-La Roche, Inc.*, 36 A.3d 541, 551 (N.J. 2012) (quoting *Caravaggio v. D'Agostini*, 765 A.2d 182, 186 (N.J. 2001)).

"A federal district court exercising diversity jurisdiction is required to apply the law of the forum when ruling on statutes of limitations." *Pinnacle Pizza Co., Inc. v. Little Caesar Enters., Inc.*, 598 F.3d 970, 975 (8th Cir. 2010) (quoting *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995)). Missouri, the forum state in this case, deems statutes of limitations procedural, and, thus, governed by Missouri law. *Nettles*, 55 F.3d at 1362 (quoting *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 646 (8th Cir. 1982)). Under Missouri's borrowing statute, "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo. Rev. Stat. § 516.190. Here, the Petition alleges "[a]t all relevant times hereto, [Plaintiff Casiano] was a resident and citizen of Glendora, New Jersey in Camden County." [ECF No. 5 at ¶ 1(b)]. Based on this, Defendant concludes, and Plaintiffs do not dispute, Plaintiff Casiano's claims "originated" in New Jersey. Thus, pursuant to Missouri's borrowing statute, the Court must apply New Jersey's statute of limitations for personal injury actions.

Under New Jersey law, "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within [two] years next after the cause of any such action have accrued[.]" N.J. Stat. Ann. § 2A:14-2(a). Because most injuries are readily recognizable and accompany the notion that someone is at fault, most causes of action "accrue" at the time of the alleged injury. *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 470, 479 (D.N.J. 2002). However, "to alleviate the harsh results that might otherwise flow from a rigid or mechanical application of the statute of limitations, the New Jersey Supreme Court has devised an equitable principle known as the 'discovery rule.'" *Id.* Under the discovery rule, "the

accrual of a cause of action is delayed until the injured party discovers, or by the exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." *Staub v. Eastman Kodak Co.*, 726 A.2d 955, 42-43 (N.J. Super. Ct. App. Div. 1999) (internal quotations omitted).  That said, "[i]n cases in which fault is not self-evident at the time of injury, a plaintiff need only have 'reasonable medical information' that connects an injury with fault to be considered to have the requisite knowledge for the claim to accrue." *Kendall*, 36 A.3d at 553.  Additionally, a plaintiff seeking application of the discovery rule bears the burden "to show that a reasonable person in her circumstances would not have been aware, within the prescribed statutory period, that she had been injured by the defendants' product." *Id.* at 556.

In the instant case, the Petition alleges Plaintiff Casiano had the Mirena® IUD implanted on June 29, 2004, and was subsequently seen numerous times for abdominal pain while the IUD was inserted. [ECF No. 5 at ¶ 27].  The Petition further claims in 2009, Plaintiff Casiano had the IUD removed and was informed the IUD had perforated her uterus. [ECF No. 5 at ¶ 27].  Plaintiffs filed in state court on August 26, 2013.  Based on these facts, the Court agrees with Defendant that, at the latest, Plaintiff Casiano's claim "accrued" in 2009, when she was told the IUD had perforated her uterus.  Therefore, at the latest, Plaintiff Casiano's claim expired in 2011, two years after Plaintiff Casiano learned the IUD had perforated her uterus.

Moreover, the Court is not persuaded by Plaintiffs that there exists an arguably reasonable basis for predicting a state court would impose liability.  Plaintiffs cite portions of the Petition, which generally allege Defendant misrepresented material facts and concealed the purportedly defective nature of Mirena®, and Plaintiffs lacked awareness of the falsity of such statements and reasonably accepted them as true.  However, these conclusory allegations, found under Plaintiffs' "Fraudulent Misrepresentation" and "Fraud by Concealment" causes of action, fail to suggest Plaintiff Casiano

lacked awareness of her alleged injury when she had the IUD removed in 2009. In fact, as Defendant correctly points out, "[Plaintiff] Casiano does not even allege a single relevant fact after 2009." [ECF No. 20 at 8].

Nor does the Court find New Jersey's discovery rule applies to the instant case. Plaintiffs' reliance on *Kendall v. Hoffman-La Roche, Inc.*, 36 A.3d 541 (N.J. 2012), is misplaced. In that case, the plaintiff, Kendall, was prescribed Accutane, an acne medication, beginning in January 1997 and continuing at intervals through September 1998. *Id.* at 547. In April 1999, Kendall began experiencing severe abdominal symptoms, which none of her health care providers attributed to Accutane. *Id.* at 548. In December 2000, Kendall again began taking Accutane, never experiencing any gastrointestinal symptoms while on the drug. *Id.* Three years later, in September 2003, Kendall began a final course of treatment with Accutane. *Id.* It was not until January 2004, when Kendall saw an advertisement linking Accutane to gastrointestinal side effects, that she "started to think" Accutane caused her abdominal problems. *Id.*

Based on these facts, the Supreme Court of New Jersey found Kendall had met her burden to qualify for the discovery rule. *Id.* at 556. The court noted Kendall's doctors "never advised her not to take Accutane or of the risks of [abdominal side effects.]" *Id.* Kendall did not experience abdominal symptoms contemporaneously with her Accutane courses, and, until 2004, she lacked any notice Accutane was the source of her gastrointestinal problems. *Id.* Thus, the court concluded "Kendall reasonably was unaware that defendants caused her injury," and she therefore qualified for application of the discovery rule. *Id.*

The instant case differs dramatically from *Kendall*. Unlike Kendall, Plaintiff Casiano has failed to allege with any specificity a reasonable basis for bringing suit in 2013 – approximately four years after she learned the IUD allegedly perforated her uterus. The Court concludes Plaintiff

Casiano possessed "reasonable medical information" connecting Mirena® to her injury in 2009, when she had the IUD removed and "was informed at that time that the [IUD] had perforated her uterus." [ECF No. 5 at ¶ 27]. Plaintiff Casiano has not met her burden of demonstrating she qualifies for application of the discovery rule.

Based on the foregoing, it is clear Plaintiff Casiano's claims have no reasonable basis in fact and law. Accordingly, the Court finds Defendant has shown by a preponderance of the evidence that Plaintiff Casiano was fraudulently joined. Therefore, the Court will disregard Plaintiff Casiano's citizenship for purposes of determining diversity jurisdiction. *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Because the Court finds Plaintiff Casiano was fraudulently joined, it need not determine the issue of fraudulent misjoinder.

### B.     Citizenship of Plaintiff Somer White

As courts of limited jurisdiction, federal courts are obligated to consider the issue of subject matter jurisdiction *sua sponte*. *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 2011); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 n. 2 (8th Cir. 2001). When a court exercises jurisdiction based on diversity of citizenship, the pleadings must set forth with specificity the citizenship of the parties. *Barclay Square Props.*, 893 F.2d at 969; *see also* 28 U.S.C. § 1332(a). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

The Petition alleges, "At all relevant times hereto, Plaintiff Somer White . . . was a resident and citizen of Bibb County." [ECF No. 5 at ¶ 1(yyy)]. The Petition fails to allege whether Plaintiff White is a citizen of any state, and, therefore, the Court cannot at this time conclusively state diversity jurisdiction is proper.

Therefore, the Court orders Plaintiffs to establish the particular state, if any, of which Plaintiff White is a citizen within seven days of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [ECF No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall establish the citizenship of Plaintiff White within seven days of this Memorandum and Order.

Dated this  18th  day of November, 2013.

                                                E. RICHARD WEBBER
                                                SENIOR UNITED STATES DISTRICT JUDGE